Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7767 | **DATE** | 8/1/2012 |
| **CASE TITLE** | Gabriela Arteaga vs. Erie Family Health Center, Inc., et al | | |

**DOCKET ENTRY TEXT**

Written Opinion. Plaintiff Gabriela Arteaga brought this medical malpractice action on behalf of her minor daughter, I.G. In a January 6, 2012 order, the court dismissed the case as barred by the statute of limitations. *See Arteaga v. United States*, No. 10 C 7767, 2012 WL 32983 (N.D. Ill. Jan. 6, 2012). Ms. Arteaga now seeks relief from that ruling pursuant to Rule 59(e). The motion to alter or amend the judgment [28] is denied. (For further details see minute order.)

■[ For further details see text below.] Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Gabriela Arteaga brought this medical malpractice action on behalf of her minor daughter, I.G. In a January 6, 2012 order, the court dismissed the case as barred by the statute of limitations. *See Arteaga v. United States*, No. 10 C 7767, 2012 WL 32983 (N.D. Ill. Jan. 6, 2012). Ms. Arteaga now seeks relief from that ruling pursuant to Rule 59(e).

Arteaga filed her case against the Erie Family Health Center and two of its physicians, but the United States substituted itself as Defendant and removed the action to federal court pursuant to the Federal Tort Claims Act ("FTCA"). The government then moved to dismiss the claim as barred by the FTCA's two-year statute of limitations. In response to that motion, Arteaga argued for equitable tolling of her claim on the basis that Erie had failed to disclose its legal identity as a federal agency subject to the FTCA, thus leading her to believe she was entitled to the more generous limitation period applicable to claims arising under Illinois tort law. The Seventh Circuit has not addressed whether a defendant's failure prominently to disclose its federal status supports tolling an FTCA claim, but several of the Courts of Appeals have concluded it does not. *See Arteaga*, 2012 WL 32983, at *8 (collecting cases). The only Court of Appeals that has tolled an FTCA claim on that basis did so, in large part, because, unlike Arteaga, the plaintiff mother in that case exercised due diligence in pursuit of her claim. *Id.* at *9 (citing *Santos ex rel. Beato v. United States*, 559 F.3d 189, 198 (3d Cir. 2009)). This court, therefore, granted the government's motion to dismiss Arteaga's lawsuit.

"Rule 59(e) allows a court to amend a judgment 'only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence.'" *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 852 (quoting *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)). Arteaga contends she has such evidence: she has submitted documents showing her repeated attempts to hire counsel in the years after her daughter's injury in an effort to demonstrate that, like the plaintiff in *Santos*, she pursued her FTCA claim with diligence. As the government observes, however, a party seeking to amend a judgment on the basis of new evidence must

## STATEMENT

demonstrate that, despite the party's due diligence, the evidence was previously unavailable. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Arteaga has made no such showing. She states simply that, "[t]hough she had attempted to locate all documents related to her daughter's case on several occasions, this document was not found until after this Court's 1/16/12 order." (Pl.'s Reply in Supp. of Her Mot. to Alter or Amend the Judgment [32] at 1.) Arteaga does not identify which of the new pieces of evidence she is referring to, but the court is not satisfied that any of the "newly discovered evidence" she now proffers was previously unattainable through due diligence.

Even if the court were to consider that evidence, it would not establish that Arteaga had diligently pursued her FTCA claim. She had previously described her attempts to retain counsel in 2005 and then again in 2009 (when she retained her current counsel), leaving a four-year period in which she appeared to have taken no action. In the pending motion, Arteaga presents evidence of her communications with another attorney in that interim: she contacted the attorney in October 2006 and he declined her case in February 2008. The court is uncertain why this lawyer waited fourteen months to advise Arteaga he would not be taking her case, but notes that he did urge her to "get a second legal opinion" and to do so "*immediately*" in order to protect her claim. (Feb. 22, 2008 Letter, Ex. E to Pl.'s Mot. to Alter or Amend the Judgment [28], at 2) (emphasis in original). Arteaga nevertheless waited until June 2009 to contact the lawyer who now represents her. The court continues to sympathize with Plaintiff and her daughter, and remains puzzled by the government's practice of making no mention of the federal status of its medical service providers. On this record, however, the court finds that no extraordinary circumstances prevented Arteaga from bringing a timely claim. (Jan. 6, 2012 Mem. Opinion and Order [26] at 16.) The motion to alter or amend the judgment [28] is denied.

*Rebecca R. Pallmeyer*